The Honorable Jerry T. Howard Senator, District 25 State Capitol Building, Room 428A Jefferson City, Missouri 65101
Dear Senator Howard:
This opinion is in response to your question asking:
 Does a County Commission of a third class county comply with requirements of Section 137.720, RSMo (Supp. 1990) and thereby qualify for state reimbursement funds when it deposits in the assessment fund an amount equal to the amount of moneys available for assessment purposes in the previous year, when a portion of the deposited funds are designated as "contingent fund" and the spending thereof is contingent upon the assessor, six months into the fiscal year, justifying to the county commission his need for those funds?
Section 137.720, RSMo Supp. 1990, provides:
 137.720. Percentage of ad valorem property tax collections to be deducted for deposit in county assessment fund. — A percentage of all ad valorem property tax collections allocable to each taxing authority within the county and the county shall be deducted from the collections of taxes each year and shall be deposited into the assessment fund of the county as required under section 137.750. The percentage shall be one-half of one percent for all counties of the first and second class and cities not within a county and one percent for counties of the third and fourth class. The county shall bill any taxing authority collecting its own taxes. The county may also provide additional moneys for the fund. To be eligible for state cost-share funds provided under section 137.750, every county shall provide all moneys necessary to assure that the fund is at least equal to the amount of moneys available for assessment purposes in the previous year, except that a lesser amount shall be acceptable if unanimously agreed upon by the county assessor, county governing body and the state tax commission. The county shall deposit the county general revenue funds in the assessment fund as agreed to in its original or amended maintenance plan, state reimbursement funds shall be withheld until the amount due is properly deposited in such fund.
Sections 50.525 to 50.745, RSMo 1986, comprise The County Budget Law. We find no authority for a county commission to designate a "contingent fund" as a part of the budget for the county assessor's office.
We note that in the facts underlying your question, you explain that the "contingent fund" is the result of a controversy concerning "whether or not one of the clerk positions in the assessor's office is necessary." In State exrel. Lack v. Melton, 692 S.W.2d 302 (Mo. banc 1985), the Dade County Commission had approved a budget for the county assessor's office. "That budget did not specify specific salaries, employees or number of employees." Id.,692 S.W.2d at 305. Later, a controversy erupted between the commission and the assessor with the commission arguing it must specifically approve each person hired by the assessor's office. The court agreed with the assessor that "the commission is authorized to approve a total budget for his office but . . . he [the assessor] has the final decision concerning who is employed in his office. Id., 692 S.W.2d at 304.
In Attorney General Opinion Letter No. 242, Peterson, 1980, a copy of which is enclosed, we interpreted an earlier version of Sections 137.715 to 137.725, RSMo. We stated: "The county court must budget the funds necessary to carry out the approved plan, and if such funds are not actually budgeted by the county court, they are budgeted as a matter of law. State ex rel.Robb v. Poelker, 515 S.W.2d 577 (Mo.Banc 1974)."
CONCLUSION
It is the opinion of this office that a county commission of a third class county is not authorized under Section 137.720, RSMo Supp. 1990, or The County Budget Law, Sections 50.525 to50.745, RSMo 1986, to designate a portion of the funds included in the budget for the assessment fund as "contingent funds," contingent upon the assessor, six months into the fiscal year, justifying to the county commission his need for those funds.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion Letter No. 242, Peterson, 1980